## DIOGUARDI v RUBY

Ohio Appeals, 5th Dist, Stark Co No. 1038. Decided October 17, 1929

Messrs. Contie & Cohen, Canton, for Dioguardi.

Messrs. Abt, Van Nostrand & Graham, Canton, for Ruby.

HOUCK, J.

It will be observed that in the case at bar the solution of the questions here presented are mostly ones of fact for the determination of the Jury, under proper instructions from the trial Judge. Questions of fact are for the Jury and questions of law for the Court.

The learned counsel for plaintiff also makes some complaint as to the charge of the trial Judge with reference to the law pertaining to contributory negligence and the constituent elements of same. The rule in Ohio seems to be well settled that where contributory negligence is pleaded as an affirmative defense and evidence is adduced in its support, no such confusion can arise; that where contributory negligence is made a defense either by the pleadings or by evidence, the burden of proving that issue is cast upon the defendant. Contributory negligence is a defense in the nature of a confession and avoidance.

The trial Judge in his charge to the Jury, said:

"Now, ladies and gentlemen of the Jury, if you find by a preponderance of the evidence that the plaintiff has proved that Ruby was guilty of negligence and that his negligence was the proximate cause of the injury, then you will return a verdict for the plaintiff in such an amount, no more and no less, as would fully compensate him for his injury, which he has received. If, however, it appears from the plaintiff's own testimony or from the case made by the defendant that the plaintiff himself was negligent and that his negligence contributed, even in the slightest degree to the injuries which he sustained, then it will be your duty to return a verdict in favor of the defendant."

It is apparent that a careful reading of this charge clearly indicates that the trial Judge properly and correctly instructed the Jury upon the question of contributory negligence, as made by the facts, and we hold that the plaintiff has no reason to complain of the questioned charge.

The Court further instructed the Jury: "Plaintiff alleges in his petition that the driver, Mazzetti, was driving in a careful manner. Now, of course, it is my duty to say to you, ladies and gentlemen of the Jury, that the negligence of Mazzetti, the driver of the car in which plaintiff was driving, if any, cannot be charged against the plaintiff, Biago Dioguardi. That is to say, plaintiff is not responsible for the negligence of the driver, Mazzetti, but the plaintiff is responsible for any negligence on his part in failing to exercise ordinary care for his own safety. It is for you to say from all of the evidence in the case whether the plaintiff, before or at the time of the injury, was in the exercise of ordinary care for his own safety."

It requires no comment on the part of the Court with reference to the law as contained in this charge. It is sound and clearly goes to the issues raised by the pleadings and the facts proven on the trial and is in no way prejudicial to the rights of the plaintiff.

**Railroad Co. vs. Fleming, 30 OS., 480**

It is the general rule, not only in this jurisdiction, but others as well, that instruction ought to have reference to the circumstances of the case and be so given as to secure the fair consideration and judgment of the Jury upon the points at issue. The general charge, measured by this rule, is sound.

"It is the Ohio rule, at least, where upon the whole record the judgment appears to be correct, it will not be reversed for claimed error in the charge."

**Jaeger vs. Converse 87 OS., 486.**

We do not think it necessary to discuss the questions of fact or law further than to say that we find no error of such a prejudicial nature as would warrant a reversal of this judgment and the judgment of the Common Pleas Court should be affirmed.

Lemert, J. and Sherick, J., concur.